IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.                                     Case No.:        1:23-cr-00202-BAH

AARON DEANDRE MERCER.

## OPPOSITION TO GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Comes now, the defendant AARON DEANDRE MERCER, by and through counsel and files this opposition to the government's motion for pretrial detention.  In support of which, counsel states the following:

### I. Relevant Procedural History

Mr. Mercer was arrested on June 27, 2023.  He appeared for his initial appearance on that day.  Further, the Court arraigned him on an indictment charging him with violations of 21 U.S.C. 841 and 21 U.S.C. 846.  Mr. Mercer entered not guilty pleas to both counts.  At that time the Court ordered Mr. Mercer held and set a detention hearing for June 29, 2023.

On June 28, 2023, the government filed a memorandum in support of detention.  Mr. Mercer now files the following opposition to the government's request for pretrial detention.

### II. Legal Predicate

#### Appropriate Detention Factors

Pretrial detention and release are governed by the Bail Reform Act (BRA), 18 U.S.C. § 3142, *et seq*. The BRA instructs the Court to seek "the least restrictive further condition or conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id*. § 3142(c)(1)(B).

However, if the Court finds after the hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court "shall order the detention of the person before trial." *Id.* § 3142(e)(1). Where, as here, a detention ruling is based on a defendant's danger to the community, the Court must make the finding by clear and convincing evidence. *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (*per curiam*).

The Court's determination is governed by four factors:

1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

2)  The weight of the evidence against the person;

3)  The history and characteristics of the person, including –

   A.  The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   B.  Whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4)      When considering whether there are any conditions of pretrial release "that will reasonably assure" a particular defendant's appearance in court, and the safety of the community, 18 U.S.C. § 3142(f), Congress carefully prescribed these four factors that a court must consider. *Id.* § 3142(g).

## III. ARGUMENT

### A.      Nature and Circumstances of the Offense.

The first statutory factor requires the Court to consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence." 18 U.S.C. § 3142(g)(1). Mr. Mercer in one of sixteen defendants charged in the indictment. The BRA, of course, requires a reviewing court to "assess the specific conduct of each defendant." *United States Chrestman*, No. 21-mj-218 (ZMF), 2021 WL 765662, at *7 (D.D.C. Feb. 26, 2021). The reviewing court should evaluate the nature and circumstances of Mr. Mercer's specific conduct, then consider the different factors that warrant potential pretrial detention for his participation. *Id.*

In the instant case, the allegations against Mr. Mercer essentially amount to his alleged participation in a conspiracy to distribute narcotics. Although the government's detention memorandum details acute and specific alleged overt acts of alleged drug distributions committed Mr. Mercer, it notably does not include any acts of violence. While others are indicted for serious offense such as firearm possession, illegal use of firearms, possession of machineguns, and money laundering--Mr. Mercer is not.

Count 1 of the indictment subject Mr. Mercer to a mandatory minimum offense of 60 months, if convicted.  Count 28 does not carry a mandatory minimum sentence.

**B. Weight of the Evidence.**

As noted above, the weight of the evidence also weighs in favor of conditions of release being set by this Honorable Court. Upon information and belief, there is no evidence of Mr. Mercer's direct involvement in any crimes of violence, witness intimidation, or obstruction of justice. Unlike many similar cases which come before this Honorable Court, this case does not involve any controlled buys with this defendant. Equally significant, the investigation does not involve any Title III authorized captured communications which support the allegations against Mr. Mercer. Further, while the government's detention memorandum contains numerous photographs of alleged co-conspirators in and around subject areas of the investigation in the company of one another, no such photographs depict Mr. Mercer.  The government's detention memorandum also includes purported text messages and social media posts allegedly evidencing the participation of others in the drug conspiracy.  Likewise, no such materials are found in the government's filing which indicate Mr. Mercer's membership in the charged conspiracy.

In a light most favorable to the government, the detention memorandum supports a conclusion that Mr. Mercer may have engaged in drug distribution.  It falls far short of establishing his membership in the charged conspiracy.  Therefore Mr. Mercer submits the state of the evidence against him weighs in favor of release.

**C. History and Characteristics of the Defendant.**

Mr. Mercer's history and characteristics weigh in favor of release. Mr. Mercer is a father of two minor children. He resides with his girlfriend and is the primary financial provider to her and her five additional minor children.



Prior to his detention in this matter he was actively involved in the care and maintenance of his children. He does not have a lengthy criminal record. He is involved in his community as a youth football coach and was gainfully employed at the time of his arrest.  He is not a convicted felon.



**D. Danger to Community.**

In the course of this Court's consideration of motions for pretrial release or detention, the goal is to ensure that the pretrial release of a defendant will not imperil "the safety of any other person and the community." § 3142(g)(1). Although the government may repeat her previous

contention that the mere allegation of involvement with events detailed in her detention memorandum is concerning enough to support detention such a position would result in any defendant charged with the same automatically being detained. Of course, the Bail Reform Act requires much more. It requires a particularized finding that this defendant represents a danger that cannot be abated by any conditions of release. The government simply cannot demonstrate such.

## IV . Conclusion

For the reasons stated herein and those that may become evidence at any hearing, Mr. Mercer respectfully requests that this Honorable Court enter an order setting conditions of release.

I ASK FOR THIS:

By counsel

_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.: CO0003
1010 Cameron Street
Alexandria, Virginia
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for AARON DEANDRE MERCER

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and accurate copy of the foregoing to be served on all counsel of record via ECF on this JUNE 29, 2023.

_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
U.S. District Court Bar No.: CO0003
1010 Cameron Street
Alexandria, Virginia

(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for AARON DEANDRE MERCER