UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 23-cr-202 (BAH) |
| | : | |
| ADEBAYO ADEDIJI GREEN (17), | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Memorandum in Aid of Sentencing. On June 6, 2024, Defendant Adebayo Adediji Green (hereafter, the "Defendant") pleaded guilty to Count 45 of the Superseding Indictment (ECF No. 193), *i.e.*, Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). For the reasons set forth below, the United States respectfully requests that the Court impose a sentence of 60 months' imprisonment to be followed by five years of supervised release.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The Defendant's guilty plea stems from an investigation into the Kennedy Street Crew, also known as "KDY," which operates primarily in Northwest, Washington, D.C. Through multiple years of investigation into the KDY crew—of which the Defendant is a member—law enforcement learned that KDY is among the largest crews in Washington, D.C. based on both territory and its vast membership. Within KDY-controlled territory, law enforcement further identified several commercial businesses, public recreation centers, residences, and day-care facilities that are surrounded by prolific "open air" drug trafficking markets and incidents of violent crime, to include shootings and homicides.

Many of KDY's members are involved in a drug trafficking conspiracy (involving fentanyl,

oxycodone, marijuana, cocaine, and cocaine base, amongst other narcotics), money laundering, the unlawful possession of firearms (including machineguns), and in some instances, shooting at rival crew members to maintain and control KDY's territory and reputation. For his part, the Defendant was among the KDY crew members who sold at least marijuana and cocaine base and possessed firearms to facilitate the crew's drug trafficking activities, which fueled KDY's operations.

The Defendant was a regular presence in the open-air drug market on Kennedy Street that KDY controlled, regularly trafficking at one of the primary drug points within the Kennedy Street Corridor: the intersection of 5th and Kennedy Streets NW.



The Defendant's role as a drug trafficker for the KDY crew was further borne out by law enforcement's recovery of narcotics, cash, and a loaded firearm at his residence in Mount Rainier, Maryland, on June 27, 2023. On that date, law enforcement searched the Defendant's residence as part of the coordinated arrest operation conducted at locations in Northern Virginia, Maryland, and the District of Columbia after the initial indictment was returned in this case.

Upon entering the residence, law enforcement discovered the hallmarks of a drug trafficker: more than 3.5 pounds of marijuana, a loaded and chambered Glock 9mm handgun equipped with an extended magazine, additional magazines and ammunition, and approximately $9,675 in U.S. currency.





These law enforcement seizures did not deter the Defendant, however. Because the Defendant was not named in the initial indictment, he was arrested on state charges on June 27, 2023, but was not taken into federal custody until February 22, 2024, after he was named as a defendant in the Superseding Indictment in this case. On the date of his arrest in connection with the Superseding Indictment, a search of the Defendant's residence in Hyattsville, Maryland yielded additional quantities of drugs and trafficking supplies. Specifically, more than one-third of a pound of marijuana was found in the residence, along with multiple large clear vacuum sealer bags.

3

## II.  LEGAL STANDARD

Pursuant to 18 U.S.C. § 3553(a), the court shall impose a sentence that is sufficient, but not greater than necessary, to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and to "provide the defendant with needed educational or vocational training."  18 U.S.C. § 3553(a)(2). In addition, the Court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant;" the types of sentences available; the Sentencing Guidelines; any pertinent policy statements; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims. *Id.* § 3553(a).

The listed factors in 18 U.S.C. § 3553(a) include the following:

1) The nature and circumstances of the offense and the history and characteristics of the defendant;

2) The need for the sentence imposed –
   a) To reflect the serious of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b) To afford adequate deterrence to criminal conduct;
   c) To protect the public from further crimes of the defendant; and
   d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) The kinds of sentences available;

4) The kinds of sentence and the sentencing range established for –
   a) The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
      i) Issued by the Sentencing Commission . . . ; and
      ii) That . . . are in effect on the date the defendant is sentenced

5) Any pertinent policy statement –
   a) Issued by the Sentencing Commission . . . and
   b) That . . . is in effect on the date the defendant is sentenced

6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7) The need to provide restitution to any victims of the offense.

Procedurally, after calculating the applicable Guidelines range, the Court should next consider all the applicable factors set forth in 18 U.S.C. § 3553(a). Indeed, the Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). *Rita v. United States*, 127 S. Ct. 2456, 2463 (2007).

### III. GUIDELINES CALCULATION

As the Final Presentence Report (ECF No. 301; hereafter, the "PSR") correctly notes, the Defendant's Criminal History Category is II. The Government agrees that the PSR captures the parties' plea agreement that the Defendant entered on June 6, 2024. *See* ECF No. 252.

The Government similarly agrees that the applicable guideline sentence for Count 45 is provided by U.S.S.G. § 2K2.4(b), which requires that the minimum term of imprisonment, 60 months, is set by statute pursuant to 18 U.S.C. § 924(c)(1)(A)(i).

Thus, with a Criminal History Category of II, the Defendant's applicable Guidelines range is 60 months' imprisonment. In the plea agreement, the parties agreed that such a sentence would constitute a reasonable sentence considering all the factors set forth in 18 U.S.C. § 3553(a). *See* ECF No. 252, ¶ 5.

### IV. ARGUMENT

The United States recommends that the Court sentence the Defendant to a term of 60 months' incarceration, to be followed by a period of five years of supervised release, given the nature and seriousness of his offense; his history and characteristics; and the need for the sentence imposed to satisfy the statutory requirements set forth in Sections 3553(a)(2)(A)-(D).

1. **The Nature, Circumstances, and Seriousness of the Offense**

The Defendant played a role in one of the largest street crews in the District of Columbia, KDY. He used firearms to secure the bulk narcotics he stored, which in turn furthered his drug trafficking conduct on behalf of KDY. The narcotics he distributed on behalf of the crew not only devastate local communities, but they further provoke violence, both domestic and drug-rival related, particularly when trafficked as an inherent part of a violent crew's operations. As the crew's territory and power expanded, the Kennedy Street Corridor has become the scene of violence invariably stemming from the confluence of drug trafficking and firearms in addition to rivalries stoked by the crew. With the assistance of the Defendant and other co-conspirators, KDY commandeered an entire portion of a local community in the District and therein established an open-air drug market. These offenses are extremely serious in nature, and Defendant's sentence should reflect this reality.

2. **The Defendant's History and Characteristics**

While his charges in the present matter reflect an escalation in the Defendant's criminal history, this is far from his first encounter with law enforcement. In 2013, the Defendant was convicted in D.C. Superior Court for drug possession, with an initial sentence of probation that was revoked after he failed to comply with the terms of his probation. Separately in 2013, the Defendant was arrested and charged with Assault 2nd Degree, Assault 2nd Degree/Law Enforcement Officer, and Disorderly Conduct in Prince George's County, Maryland. The Defendant ultimately pled guilty to Resisting Arrest and the other charges were merged with that sentence. Beyond these convictions, the Defendant separately incurred 13 arrests prior to this case, including multiple arrests for possession with intent to distribute controlled substances.

In sum, a sentence consistent with the mandatory minimum required by statute in this case

is appropriate based upon the Defendant's apparent inability to distance himself from firearms and distribution-level quantities of narcotics.

### 3. The Need to Promote Respect for the Law and Deterrence

The Defendant's sentence should reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2). Perhaps more than any other factor, the need to deter unlawful firearms possession, particularly by someone engaged in drug trafficking on behalf of a dangerous crew, weighs most heavily in favor of the statutorily mandated 60 months of imprisonment. Washington, D.C. has struggled with mounting gun violence on the heels of a high homicide rate in 2023. *See* Emily Davies, John D. Harden, and Peter Hermann, *2023 Was District's Deadliest Year in More Than Two Decades*, WASH POST (Jan. 1, 2024), https://www.washingtonpost.com/dc-md-va/interactive/2024/dc-crime-homicide-victims-shooting-violence/. This context weighs in favor of a robust sentence as the best measure of deterrence available to the Court. A sentence of 60 months' imprisonment accomplishes the aims of § 3553(a)(2) in both a general and particularized manner. As applied to the Defendant, such a sentence reflects the gravity of his conduct in this case. With respect to general deterrence, such a sentence promotes respect for the law and the safety of the community by serving as a deterrent to crew-affiliated criminal conduct, particularly involving firearms and controlled substances.

### 4. Other Factors

The Government's recommended sentence is also justified to give the Defendant ample time to pursue further educational and vocational training and participate in other programs, including those recommended by the United States Probation Office. *See* PSR at ¶¶ 153-155. If

productive during this period of incarceration, the Defendant can reroute himself to a path of productivity and growth.

## V.     CONCLUSION

For the foregoing reasons, the Government recommends that the Court sentence the Defendant to 60 months of imprisonment, to be followed by five years of supervised release. Such a sentence serves the interest of justice and appropriately balances the sentencing factors articulated under 18 U.S.C. § 3553(a).

      Respectfully submitted,

      MATTHEW M. GRAVES
      UNITED STATES ATTORNEY
      D.C. Bar No. 481052

By:   */s/ Matthew W. Kinskey*
      MATTHEW W. KINSKEY
      SITARA WITANACHCHI
      D.C. Bar No. 1031975 (Kinskey)
      D.C. Bar No. 1023007 (Witanachchi)
      Assistant United States Attorneys
      U.S. Attorney's Office
      Violence Reduction & Trafficking Offenses
      601 D Street, NW
      Washington, D.C. 20530

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2024, a copy of the United States' Sentencing Memorandum was submitted via CM/ECF, which will transmit to Brian W. Stolarz, Esq., counsel for Defendant Adebayo Adediji Green.

*/s/ Matthew W. Kinskey*
Matthew W. Kinskey
Assistant U.S. Attorney